Elizabeth D. Friedman, Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
*e-mail*:  friedmaned@muni.org
(907) 343-4545
(907) 343-4550 facsimile

Attorney for Defendants
Municipality of Anchorage
Andrew Cottle
Gregory Witte
Kenneth McCoy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PATRICK L. SHORTY ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MUNICIPALITY OF ANCHORAGE, OFFICER ) <br> ANDREW COTTLE, INDIVIDUALLY AND IN ) <br> HIS CAPACITYAS AN ANCHORAGE POLICE ) <br> OFFICER, OFFICER WITTE, INDIVIDUALLY ) <br> AND IN HIS CAPACITY AS AN ANCHORAGE ) <br> POLICE OFFICER, KENNETH D. MCCOY, ) <br> INDIVIDUALLY AND IN HIS CAPACITY AS ) <br> AN ANCHORAGE POLICE OFFICER ) <br> ) <br> Defendants. ) <br>  ) | Case No. 3:05-cv-00237-TMB |

**DEFENDANTS' RESPONSE TO THE COURT'S
ORDER REGARDING MEETING OF THE PARTIES
FOR PURPOSES OF SCHEDULING
AND OPPOSITION TO EXTENSION OF TIME**

Pursuant to this court's order dated April 7, 2006, undersigned counsel, on behalf

of the Defendants, Municipality of Anchorage, Officer Andrew Cottle, Officer Gregory

*Shorty v. MOA et. al. 3:05-cv-00237-TMB*
*Defendants' Response to Meeting of the Parties*
*Page 1 of 6*

Witte and Officer Kenneth D. McCoy, attempted to comply with the order to meet and confer. Because Mr. Shorty is incarcerated and is not represented by counsel, the Municipality sent a letter on April 10, 2006 with proposed responses for the scheduling report. Exhibit 1. Mr. Shorty did not respond. Mr. Shorty subsequently filed a motion requesting appointed counsel. On April 27, 2007, Mr. Shorty requested a 45 day extension of time to respond to the scheduling order.

Exhibit 1 shows the Defendants' attempt to facilitate the response to the court. Defendants' counsel offered to prepare and file the documents and gave Plaintiff an easy way to provide his comments on the draft. Therefore, the Defendants request that the court deny an extension of time and proceed with entering an order based on the following.

**Contested facts**:

1.  What type of force defendant officers Witte and Cottle used incident to the arrest of plaintiff on July 26, 2003.

2.  What type of force did the plaintiff employ against the officers during his arrest.

3.  Whether the plaintiff intentionally gave false identity information to the officers.

4.  Whether the plaintiff unlawfully resisted arrest.

5.  Whether defendant officers used a "strangulation" hold, "hog tie" or kicked the plaintiff.

*Shorty v. MOA et. al. 3:05-cv-00237-TMB*
*Defendants' Response to Meeting of the Parties*
*Page 2 of 6*

6. What findings Alaska State Superior Court Judge Wolverton made with respect to the custodial treatment of plaintiff.

7. Whether defendant McCoy refused a request by Patrick Shorty to clean up prior to answering questions.

8. Whether Patrick Shorty was physically injured during his arrest. What injuries, if any, did Patrick Shorty allegedly sustain during the arrest. What amount of damages, if any, can be shown.

9. Whether defendant officers used reasonable or excessive force in effecting the arrest.

10. Whether plaintiff suffered anxiety and emotional distress, humiliation, or pain and suffering.

11. Whether the plaintiff was the initial aggressor.

12. Whether plaintiff recklessly, or intentionally, caused physical injury to Officer Cottle.

13. Whether plaintiff's injuries, if any, were caused, in whole or in part, by acts or omission of other persons or entities, including plaintiff.

14. Whether injuries, if any, sustained by plaintiff, were due to his own actions rather than those of defendant officers.

15. Whether plaintiff's emotional injury, if any, was a result of plaintiff's own actions, not those of defendants.

*Shorty v. MOA et. al. 3:05-cv-00237-TMB*
*Defendants' Response to Meeting of the Parties*
*Page 3 of 6*

**Contested Issues of Law**

1. Whether the conduct by the officers was reasonable under the totality of the facts and the circumstances or whether the defendants used excessive or deadly force.

2. Whether the defendants acted in a manner that was proper, reasonable, lawful and exercised in good faith.

3. Whether plaintiff's rights under 42 U.S.C. § 1983 were violated.

4. Whether the custodial interrogation violated plaintiff's rights, and, if so, whether the doctrine of respondeat superior is applicable.

5. Whether the Municipality and the officers are entitled to discretionary immunity.

6. Whether the Municipality and the officers are entitled to qualified immunity.

7. Whether the Municipality and the officers are entitled to absolute immunity.

8. Whether any physical contact between plaintiff and defendant officers was due to plaintiff's actions and was a lawful response by defendant officers.

9. Whether the plaintiff has a cause of action for assault and battery, and, if so, whether the doctrine of respondeat superior is applicable.

10. Whether defendants owe plaintiff a preexisting duty, the breach of which would foreseeably cause severe emotional distress.

*Shorty v. MOA et. al. 3:05-cv-00237-TMB*
*Defendants' Response to Meeting of the Parties*
*Page 4 of 6*

11. Whether the training, policy, and procedures of the Anchorage Police Department establish reasonable, lawful protocols for handling violent detainees and are designed to ensure officer and detainee safety.

12. Whether defendant officers' actions were lawful pursuant to AS 11.81.370(a).

13. Whether punitive damages can be established.

The Defendants move this court to enter a scheduling order in accordance with D.Ak. LR 16.1(c) and FRCP 16(b) and 26(f). Alternatively, if this court so orders, the Defendants will complete the LCF 26 (f) form providing the Defendants' position.

DATED this 2nd day of May, 2006.

> FREDERICK H. BONESS
> MUNICIPAL ATTORNEY
>
> /s/ Elizabeth D. Friedman
> Elizabeth D. Friedman,
> Assistant Municipal Attorney
> P.O. Box 196650
> Anchorage, Alaska 99519-6650
> *e-mail*:  uslit@muni.org
> Telephone (907) 343-4545
> Facsimile (907) 343-4550
> Alaska Bar No. 9306027

*Shorty v. MOA et. al. 3:05-cv-00237-TMB*
*Defendants' Response to Meeting of the Parties*
*Page 5 of 6*

**Certificate of Service**

The undersigned certifies that on the 2nd day of May, 2006
I mailed by first class U.S. mail a true and correct copy
of "Defendants' Response To The Court's
Order Regarding Meeting Of The Parties
For Purposes Of Scheduling and Opposition to Extension of Time"
and Exhibit to:

>Patrick L. Shorty,
>c/o 425 G St. Ste 600,
>Anchorage, Alaska  99501

<u>/s/ Retah Hicks</u>
Retah Hicks, Legal Secretary
Municipal Attorney's Office

*Shorty v. MOA et. al. 3:05-cv-00237-TMB*
*Defendants' Response to Meeting of the Parties*
*Page 6 of 6*