

# Municipality of Anchorage

P.O. Box 196650 • Anchorage, Alaska 99519-6650 • Telephone: (907) 343-4545 • Fax: (907) 343-4550  http://www.muni.org

*Mayor Mark Begich*

**Office of the Municipal Attorney**
Civil Division

April 10, 2006

Patrick L. Shorty
c/o 425 G Street, Suite 600
Anchorage, Alaska 99501

Re:   *Patrick L. Shorty v. Municipality of Anchorage et. al.* 3:05-cv-00237-TMB

Dear Mr. Shorty:

Our office has received an order from the federal court dated April 7, 2006 requiring you and the Municipality to meet within twenty-one days from service of the order to discuss and make decisions about scheduling and other pre-trial issues. The court indicated that it had sent you a copy.

The court has ordered us to jointly file paper work with the court within twenty eight days of the court's order. This gives us until **May 5, 2006** to make these decisions **and** file the paperwork. Because you are incarcerated, and not represented by a lawyer, I thought it would be best to conduct the "meeting" by letter.

I would like to propose the following responses to the questions in the scheduling and conference report. If you agree with the responses, please write back to let me know, and I will have a final version typed up for our signatures. If you disagree with anything or have suggested changes, please write to me. If you like, you can make a copy of this letter and write your changes on it and send it back to me.

### PROPOSED ANSWERS FOR
### SCHEDULING AND PLANNING CONFERENCE REPORT

1. **Meeting**: the meeting was not held in person. The parties exchanged correspondence between plaintiff, Patrick L. Shorty, and defendants' attorney, Elizabeth D. Friedman.

2. **Pre-Discovery Disclosures**. The plaintiff is not required to make the disclosures pursuant to F.R.Civ.P. 26(a)(1)(E). The defendants have provided the pre-discovery disclosures.

   Preliminary witness lists will be exchanged by the parties by **June 1, 2006**.

3. **Contested Issues of Fact and Law.**

*Community, Security, Prosperity*

*Patrick L. Shorty*
*April 10, 2006*
*Page 2 of 4*

The parties expect the following issues of fact and law to be presented to the court at trial:

**Contested facts:**

1. What type of force defendant officers Witte and Cottle used incident to the arrest of plaintiff on July 26, 2003.
2. What type of force did the plaintiff employ against the officers during his arrest.
3. Whether the plaintiff intentionally gave false identity information to the officers.
4. Whether the plaintiff unlawfully resisted arrest.
5. Whether defendant officers used a "strangulation" hold, used a "hog tie" or kicked the plaintiff.
6. What findings Alaska State Superior Court Judge Wolverton made with respect to the custodial treatment of plaintiff.
7. Whether defendant McCoy refused a request by Patrick Shorty to clean up prior to answering questions.
8. Whether Patrick Shorty was physically injured during his arrest. What injuries were allegedly sustained during the arrest. What amount of damages, if any, can be shown.
9. Whether defendant officers used reasonable or excessive force in effecting the arrest.
10. Whether plaintiff suffered anxiety and emotional distress, humiliation, or pain and suffering.
11. Whether the plaintiff was the initial aggressor.
12. Whether plaintiff recklessly, or intentionally, caused physical injury to Officer Cottle.
13. Whether plaintiff's injuries, if any, were caused, in whole or in part, by acts or omission of other persons or entities, including plaintiff.
14. Whether injuries, if any, sustained by plaintiff, were due to his own actions rather than those of defendant officers.
15. Whether plaintiff's emotional injury, if any, was a result of plaintiff's own actions, not those of defendants.

**Contested Issues of Law**

1. Whether the conduct by the officers was reasonable under the totality of the facts and the circumstances or whether the defendants used excessive or deadly force.
2. Whether the defendants acted in a manner that was proper, reasonable, lawful and exercised in good faith.

Patrick L. Shorty
April 10, 2006
Page 3 of 4

3. Whether plaintiff's rights under 42 U.S.C. § 1983 were violated.

4. Whether the custodial interrogation violated plaintiff's rights, and, if so, whether the doctrine of respondeat superior is applicable.

5. Whether the Municipality and the officers are entitled to discretionary immunity.

6. Whether the Municipality and the officers are entitled to qualified immunity.

7. Whether the Municipality and the officers are entitled to absolute immunity.

8. Whether any physical contact between plaintiff and defendant officers was due to plaintiff's actions and was a lawful response by defendant officers.

9. Whether the plaintiff has a cause of action for assault and battery, and, if so, whether the doctrine of respondeat superior is applicable.

10. Whether defendants owe plaintiff a preexisting duty, the breach of which would foreseeably cause severe emotional distress.

11. Whether the training, policy, and procedures of the Anchorage Police Department establish reasonable, lawful protocols for handling violent detainees and are designed to ensure officer and detainee safety.

12. Whether defendant officers' actions were lawful pursuant to AS 11.81.370(a).

13. Whether punitive damages can be established.

4. **Discovery Plan**.

   A. Discovery will be needed on the following issues:

   1. Plaintiff's medical records. Plaintiff needs to provide list of all treatment providers for medical and mental health records and execute medical releases.

   B. Discovery close date: 45 days before trial.

   C. Limitations on Discovery:

   I suggest that we follow the federal rules in terms of the number of interrogatories, admissions and depositions allowed. Instead of 30 days to respond, I suggest that we allow 45 days for the responses.

   D. Reports from retained experts: not later than 90 days before the close of discovery.

   E. Supplementation of disclosures and discovery responses are to be made:

Patrick L. Shorty
April 10, 2006
Page 4 of 4

    As new information is acquired.

  F. Due day for final witness list: 45 days prior to close of discovery.

5. **Pretrial Motions**

  No change from D.Ak. LR 16.1(c).

6. **Other Provisions**

  A. No request for conference with the court.

  B. Not a matter for alternative dispute resolution.

  C. The Municipality would consent to trial before a magistrate judge.

7. **Trial**

  A. Matter will be ready for trial: 45 days after the discovery close date.

  B. This matter is expected to take 5 days to try.

  C. Jury demand: no.
    Right to jury trial disputed: no

Please review this and let me know your comments. If there are things that we do not agree upon, we can write down our different positions and let the judge make the final decision. For example, if you suggest something and I don't agree, I will include both of our suggestions and let the judge make the decision. If I agree with your suggestion, I will change the response. The judge uses this information to enter a scheduling order which gives us deadlines for this case. Please get back to me as soon as you can so that we can prepare a final response for your signature.

Thank you for your prompt attention to this request. **Our joint response is due to the court on May 5, 2006.**

Sincerely,

*Elizabeth D. Friedman*
Elizabeth D. Friedman
Assistant Municipal Attorney