IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PATRICK L. SHORTY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MUNICIPALITY OF ANCHORAGE,<br>OFFICER ANDREW COTTLE,<br>OFFICER WITTE, OFFICER KENNETH<br>D. MCCOY,<br><br>　　　　Defendants. | Case No. 3:05-CV-237 TMB<br><br>ORDER |

　　　　Patrick Shorty, a prisoner representing himself, has filed a Civil Rights action under 42 U.S.C. §§ 1983 and 1988, and the matter has been removed to this Court from the Superior Court for the State of Alaska. Docket 1. Plaintiff has filed two applications for appointment of counsel. Docket Nos. 28 & 32.

　　　　Although there is a right to counsel at public expense in criminal cases, that right does not extend to civil cases. The Court may not compel an attorney to assist an indigent litigant without pay.[1] In addition, the Court has no funds to pay attorneys to represent indigent litigants in civil cases, and has been unsuccessful in its attempts at finding attorneys to represent prisoners on a volunteer basis except in the most compelling and aggravated cases. Where an indigent party brings

---

[1] *See Mallard v. United States District Court*, 490 U.S. 296, 300-308 (1989).

an arguably meritorious action, the action is complicated, and the party requests counsel, the Court may refer the matter to Alaska Pro Bono Program, Inc.

Therefore, the Court has reviewed Mr. Shorty's Complaint.[2]  In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[3]  Having reviewed the materials filed by Plaintiff in this action, the Court concludes that this is not a case appropriate for referral to the Pro Bono Program, and the use of its limited resources.  Therefore, the Court will not appoint counsel for Mr. Shorty.

**IT IS HEREBY ORDERED:**

Plaintiff's applications for appointment of counsel, at docket numbers 28 and 32, are DENIED.

**IT IS FURTHER ORDERED:**

Plaintiff's motion for extension of time to complete the Scheduling and Planning Report at docket 29 is DENIED.  The Court will issue a Scheduling and Planning Order based on the deadlines suggested by Defendant at Docket 30.

DATED this 5th day of June, 2006, at Anchorage, Alaska.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge

---

[2] *See also* 28 U.S.C. § 1915(e)(2)(B).

[3] *See Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (*pro se* prisoner's claims must be liberally construed, and given the benefit of any doubt); *Ortez v. Washington County,*, 88 F.3d 804, 807 (9th Cir. 1996).