Patrick L. Shorty, Pro Se
425 G Street, Suite 600
Anchorage, Alaska 99501
907-277-7171 Message
907-277-0281 Facsimile

RECEIVED
NOV 0 9 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PATRICK L. SHORTY, <br> Plaintiff, <br> vs. <br> MUNICIPALITY OF ANCHORAGE, <br> Officer Andrew Cottle, <br> Officer Witte, <br> Officer Kenneth D. McCoy, <br> Defendants. | Case No.: 3:05-cv-00237-TMB |

REQUEST FOR RECONSIDERATION OF MOTION TO STAY

PENDING RESOLUTION OF CRIMINAL PROCEEDINGS

COMES NOW Patrick L. Shorty, Plaintiff, moves this court for a REQUEST FOR RECONSIDERATION OF MOTION TO STAY PENDING RESOLUTION OF CRIMINAL PROCEEDINGS. Plaintiff filed a motion for stay pending resolution of criminal proceedings and the court printed, there being no apparent reason to stay this matter, Plaintiff's Motion at Docket 37 is DENIED. Plaintiff has reason to stay, a case, Crawford & Sons, Ltd. Profit Sharing Plan v. Besser, 216 F.R.D. 228, 2003 U.S. Dist. LEXIS 11725

(E.D.N.Y., 2003)

DISCUSSION

It is well established that district courts have discretionary authority to stay a case when the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n.27, 90 S. Ct. 763, 770 n.27 (1970) [**3]; Kasi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) (citing SEC v. Dresser Indus., Inc., 202 U.S. App. D.C. 345, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc), cert. denied, 449 U.S. 993, 101 S. Ct. 529, 66 L. Ed. 2d 289 (1980). Courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders, Dresser 628 F.2d at 1375. However, a stay of a civil case is an extraordinary remedy. See Jackson v. Johnson, 985 F. Supp. 422, 424 (S.D.N.Y. 1997).

In determining whether to stay a civil proceeding pending the outcome of a related criminal case, courts consider a number of factors, including (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously; (4) the private interests of, and the burden on, the defendants; (5) the interests of the courts and the public. See Gala Enterprises, Inc., v. Hewlett Packard Co., No. 96 Civ 4864, 1996 U.S. Dist. LEXIS 18867, at * 4 (S.D.N.Y. Dec. 16, 1996) [**4]; Trustees of Plumbers Pen. Fund v. Transworld Mech., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (Footnotes omitted). In this

case these factors clearly weigh in favor of granting a stay.

A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter. Johnson v. New York City Police Dep't, No. 01 civ. 6570, 2003 U.S. Dist. LEXIS 131111 at *14 (S.D.N.Y. July 16, 2003) (internal quotations and citation omitted). Here, the civil and criminal cases arise from the same underlying events, and the defendants have been indicted in the criminal case. Denying the stay may undermine the defendants' Fifth Amendment privilege against self-incrimination; expose the basis of the defendants' criminal defense in advance of trial; or otherwise prejudice the criminal or civil case. See Rosenthal v. Giuliani, No. 98 Civ. 8408, 2001 U.S. Dist. LEXIS 1207, at *6 (S.D.N.Y. Feb. 6, 2001); Par Pharm. Sec. Litig., 133 F.R.D. 12, 13 (S.D.N.Y. 1990).

CRIMINAL CASE NO. 3AN-S03-7796 CR.

The grand jury indicted Patrick L. Shorty on (2) felony counts of sexual assault in the first degree in Anchorage, Alaska on the 27 day of August 2003. The state also added counts charges resisting arrest, assault in the fourth degree, and providing false information. These above criminal charges are related

to civil case no.: 3:05-cv-00237-TMB.

The Plaintiff, Patrick L. Shorty, move this court with reason to stay this matter. The court should reconsider denying the motion for stay pending resolution of criminal proceedings.

DATED this 27 day of October, 2006.

*Patrick L. Shorty*
Patrick L. Shorty, Pro Se

CERTIFICATE OF SERVICE

The undersigned certifies that on the 27 day of October 2006, a true and correct copy of the Notice of Filing was U.S. mailed delivered to the following: MOA By: P.L.S.