RECEIVED 06 DEC 14 AM 10:34

In the Superior Court for the State of Alaska at Anchorage

**Media No.:** 3AN5306-229 **Judge:** Wolverton

**Date:** Tuesday, December 12, 2006 **Clerk:** R. Collins

**Plaintiff:** State of Alaska vs.

| **Defendant's Name:** | **Case No:** | **DOB:** | **Address:** |
|---|---|---|---|
| Patrick Shorty | 3AN-03-7796CR | 10/2/69 | |

**Type of Proceedings:** Further Proceedings

**Counsel Present:** Plaintiff: Erin White, Asst District Attorney
Defendant: Leslie Hiebert, Office of Public Advocacy

**Defendant:** Present, In Custody

| **Bail Set/Continues:** non-bailable per statute | | |
|---|---|---|
| **Transport Order:** | | |
| **Other Court Orders:** | | |
| **Next Court Date(s) and Time(s):** | **Type of Hearing(s):** | **Location:** |
| 3/13/07 2:45 p.m. <PS> | Sentencing | Anch 503 |

**Summary of Proceedings: M.O. Denying Deft's Motion for Judgment of Acquittal Notwithstanding the Verdict on Count 3 and 4**

| | |
|---|---|
| 4:06:34 PM | Court identifies case and parties |
| | Ms Hiebert<br>-motion for judgment of acquittal<br>-notwithstanding the verdict<br>-Resisting and Assault<br>-arrest set out by statute<br>-peace officer entitled to make arrest, taking into custody to answer commission of crime<br>-if held someone has identified the crime you are being arrested<br>-requirement you inform the person w/o warrant of officer's authority and cause for arrest<br>-peace officer shall inform<br>-exception only if engaged in crime or during escape |
| 4:08:28 PM | -make arrest for person of crime, informed them for reason of arrest, person knows<br>-that didn't happen here<br>-other parts applicable w/o warrant you can arrest for felony or misd committed in your presence<br>-b/c officers weren't taking him into custody for sexual assault, but to answer misd committed<br>-testimony regarding authorization for arrest<br>-improper or it can't be argued fairly under the law he was under arrest for sexual assault<br>-if he was, they shd have told him he was under arrest for sexual assault<br>-when you get to statute involving resisting and privilege to use force, kind of crime matters<br>-can't use deadly force if arresting for misd |
| 4:10:32 PM | Court<br>-you can use amt of force necessary |
| | Ms Hiebert |

<reads from statutes>
-stop and locate
-not arrest for sexual assault
-person has privilege to use force in resisting when use of force by police excessive
-excessive force for arrest on misd

4:13:20 PM
-officer didn't believe he was arresting him for sexual assault, but for misd
-laws we look to when officer gets injured during arrest
-immunity statutes for the officers
-restricts and restrains officer's conduct, minimal injury, informed of arrest for crime and what crime it is
-unless Shorty's decision not resist and whatever happened to him he deserved limited to these statutes
-assault 4 requires recklessly caused phys injury
-injury to police officer a little different, he initiated use of force
-they lay hands on him and they're privileged to do so
-you can to be a peace officer to do that
-unwanted contact that can easily lead to resistance among civilians
-same privileges includes restraints

4:17:19 PM
Court
-don't agree it was permitted
-no basis for resisting
-you don't get to do that in society

Ms Hiebert
-resist excessive use of force

Court
-can't resist guide by hand from police officer

Ms Hiebert
-resisting lawful detention

Court
-they knew he'd given false info

Ms Hiebert
-require to look at degree of force used

Court
-and the degree of resisting before force is used
-what if he went bonkers, they didn't have time to say anything
-put hand on him, they were down on the ground headed for alleyway

4:19:12 PM
Ms Hiebert
-law requires inform person of arrest

Court
-I quoted from case law, generally speaking and not in all circumstances
-they didn't have opportunity to
-they have to inform, but they don't have to when someone acts unreasonably

Ms Hiebert
-he was ordered to return
-on policy grounds
-no further argument

4:20:22 PM

Ms White
-defense said officer has to give notice of someone under arrest
-except unless person is trying to escape
-each officer placed hand, deft committed crime kicking, grabbing at officers
-vascular restraint used to calm deft down, result of deft's escalation of assaults
-notice not practical b/c of deft's actions
-hands on arm, he started resisting
-defense motion shd be denied

4:21:45 PM

Ms Hiebert
-exceptions for deadly force
-vascular restraint is deadly force
-assault occurred after he kneed Shorty

4:22:13 PM

Court Findings
-in the real life of contacting people
-there was probable cause to stop and arrest Shorty for sexual assault based upon info police had
-once contacted, Shorty was told to stop, talk , he came back
-as he handed backpack to officer, and jacket, it was there impression their goal to tie up their hands so he could get away
-false name, crime committed
-hand on each arm, Shorty went bonkers and took them down, authority to use amt of force necessary to subdue him under the circumstances
-appropriate to question him, suppressed that statement
-don't' find force unreasonable under circumstances
-during melee calling for backup, asking people to call 911, difficulty for two officers to subdue Shorty and force he was using
-it's not reasonable, argument w/o merit they shd somehow say he was under arrest
**deny defense motions**

4:24:56 PM

Ms Hiebert
-at evid hrg, Wittee searched backpack as it sat on back of car
-not simultaneously handing packs

Court
-I stand by my findings

4:25:24 PM

Court is recessed